IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

KEVIN L. WILKE,

                Plaintiff,                          OPINION AND ORDER

    v.

                                                     14-cv-639-wmc

ADAM STUBLASKI, *et al.*,

                Defendants.

---

*Pro se* plaintiff Kevin L. Wilke filed this proposed action under 42 U.S.C. § 1983, purporting to challenge two probation revocation proceedings in Wood County and has been found eligible to proceed *in forma pauperis* for purposes of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b). Because he was incarcerated at the time he filed suit, however, the court is also required by the PLRA to screen Wilke's proposed complaint and dismiss any portion that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks money damages from a defendant who is immune from such relief. In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, Wilke has not pleaded allegations sufficient to allow him to proceed with any of his claims at this time. The court will, therefore, dismiss several of his claims, but give Wilke the opportunity to clarify the basis of his due process claims against defendant Adam Stublaski.

ALLEGATIONS OF FACT[1]

At the time he filed suit, Wilke was confined in the Waushara County Jail. He has since been released and is living in Green Bay, Wisconsin. The defendants in this case are Wood County Probation Officer Adam Stublaski, Wood County Probation Supervisor Matthew Stake, Wisconsin Division of Hearings and Appeals ("DHA") Administrator Brian Hayes, former DHA Administrator David Schwartz, Marquette County Circuit Judge Wright, Wood County Circuit Judge Potter and Waushara County Circuit Judge Dutcher.

On February 6, 2002, Wilke was convicted of burglary of a building or dwelling as a habitual offender in Wood County, Case No. 01CF359. The circuit court sentenced him to serve a 12-year term of probation in that case.

On December 3, 2012, Wilke was charged with refusing to take a test for intoxication after arrest on suspicion of driving while intoxicated in Marquette County, Case No. 12TR3161. Shortly thereafter, on January 14, 2013, Wilke was charged with operating while intoxicated (third offense) in Marquette County, Case No. 13CT2. He was placed in the Marquette County Jail. After posting a bond, in late February 2013, Wilke filed a petition for a writ of habeas corpus with Marquette County Circuit Judge Wright. *See* Marquette County Case No. 13CV34.

---

[1] For purposes of this order, the court accepts all well-pled allegations as true and assumes the following probative facts. The court has supplemented the allegations in the complaint with dates and procedural information about plaintiff's underlying criminal cases from the electronic docket available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov. The court draws all other facts from plaintiff's complaint, as well as any exhibits attached to his pleadings. *See* FED. R. CIV. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider those documents to determine whether plaintiff has stated a valid claim).

Without ruling on that petition, Judge Wright transferred Wilke from the Marquette County Jail to Wood County for a revocation hearing. In particular, after Wilke's December 2012 arrest, his probation officer, defendant Adam Stublaski, had moved to revoke his probation in his burglary case, Wood County Case No. 01CF359. The final revocation hearing was postponed until March 2013, "because of a witness for the state." Wilke wrote to Officer Stublaski to see if he could get out of the Marquette County Jail, so that he could continue working at his house cleaning and repair business. When Stublaski did not respond to Wilke's letter, Wilke wrote to Stublaski's supervisor, defendant Matthew Stake, but received no response. Wilke also wrote to Division of Hearings and Appeals Administrator David Schwartz, complaining about the time limit for revocation, but again received no response. When revocation was denied at the hearing, Wilke remained in jail while Stublaski pursued an appeal. The appeal was ultimately denied and Wilke was released on April 17, 2013, having spent 137 days in jail.

In May 2013, Wilke was arrested again, and charged with disorderly conduct and criminal damage to property in Brown County Case Number 2013CM630. In January 2014, Wilke was arrested in Marquette County and charged with disorderly conduct in Marquette County Case Number 2014CM20. He was released on cash bond in both cases. A few months later, on April 8, 2014, Wilke was again arrested and placed in custody of the Waushara County Jail. The following day, he was charged in Waushara County Case No. 14CF44 with felony driving or operating a vehicle without consent, possession of burglarious tools, misdemeanor bail jumping and operating while revoked.

After Wilke was placed in jail in April 2014, in addition to the new charges in Waushara County Case No. 14CF44, he learned that there was a "probation hold" on him,

stemming from his February 6, 2002, burglary conviction in Wood County Case No. 01CR359. On April 10 or 11, Probation Officer Stublaski visited Wilke in jail, regarding the probation hold. At that time, Wilke told Stublaski that his term of probation for Case No. 01CR359 was "over." Stublaski disagreed. A week later, Wilke received "revocation papers" from a different, unidentified probation officer. A revocation hearing was originally set for June 23, 2014, but was delayed by the Division of Hearings and Appeals until August 4, 2014.

Wilke argues that his 12-year term of probation discharged no later than February 6, 2014. Wilke contends that he wrote to Stublaski on three separate occasions in an effort to determine whether his term of probation had ended. Wilke also wrote to Wisconsin Division of Hearings and Appeals Administrator Brian Hayes, but received no response. Wilke then filed petitions for a writ of habeas corpus with Wood County Judge Potter and Waushara County Circuit Judge Dutcher, but those petitions were denied.

On July 29, 2014, Wilke learned from a jail officer that the probation hold had been "dropped." The jail officer contacted Stublaski, who reportedly told her that Wilke's probation hold was dropped because he did not think that Wilke could be revoked. It is not clear when Wilke was released from jail in connection with his April 2014 arrest.

Since filing suit in September 2014, Wilke was convicted of various offenses in: Wood County Case Number 2013CT268; Marquette County Case Number 2014CM20; Brown County Case Number 2013CM1575; and Waushara County Case Number 2014CF44. Charges were dismissed by the prosecutor's motion in: Marquette County Case Number 2012TR3161 (after being reopened in March 2015); Marquette County Case

Number 2013CT2; Brown County Case Number 2013CM630; and Wood County Case Number 2013CT348.

OPINION

Wilke raises the following claims in his complaint:

(1) Stublaski violated his right to due process following his arrest in December 2012, by delaying his revocation hearing until March 2013, and subjecting him to false imprisonment;

(2) Stublaski violated his right to due process in 2014, by waiting four months to drop the probation hold when Stublaski "should have known right away" that his term of probation was discharged;

(3) Stake, Hayes and Schwartz knew of the delays but failed to intervene or require a prompt revocation hearing;

(4) Judges Wright, Potter and Dutcher violated his right to due process by not granting his habeas corpus petitions.

I. ABSOLUTE JUDICIAL IMMUNITY

As an initial matter, it is well settled that judges are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). Because all of the acts or omissions attributed to Judges Wright, Potter and Dutcher concern judicial actions undertaken in connection with Wilke's underlying cases, Judges Wright, Potter and Dutcher are entitled to absolute judicial immunity. Wilke's claims against them are dismissed as legally frivolous.

5

## II. PERSONAL INVOLVEMENT

As for the other defendants, Wilke primarily blames Stublaski, as his probation officer, for delaying his probation revocation proceedings both in 2012 and 2014. In contrast, Wilke fails to allege sufficient facts showing that the remaining proposed defendants -- Stake, Hayes or Schwartz -- had the requisite personal involvement for purposes of liability. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). While these defendants were alleged to be supervisors who were somehow responsible for Stublaski's actions, the Seventh Circuit has rejected the view "that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Rather, "[o]nly persons who cause or participate in the violations are responsible." *George*, 507 F.3d at 609; *see also Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (rejecting the "contention that any public employee who knows (or should know) about a wrong must do something to fix it"). Accordingly, Wilke's allegations against Stake, Hayes and Schwartz fail to state a claim upon which relief may be granted for purposes of liability under 42 U.S.C. § 1983.

## III. DELAYED REVOCATION HEARING

Wilke contends that his due process rights were violated when his 2013 and 2014 revocation hearings were delayed. Due process requires that a revocation hearing be held within a "reasonable time" of a probationer being taken into custody. *See Morrissey v. Brewster*, 408 U.S. 471, 488 (1972). Factors relevant in determining whether the time for a hearing is reasonable include the length of the delay, the reasons for the delay, whether and

6

when petitioner asserted a right to a prompt hearing, and whether petitioner suffered prejudice.  *See United States v. Rasmussen*, 693 F.2d, 398 (7th Cir. 1989); *Hanahan v. Luther*, 693 F.2d 629, 634 (7th Cir. 1982).

Wilke cites Wis. Stat. § 302.335(2)(b), which states that the Division of Hearings and Appeals "shall begin a final revocation hearing within 50 calendar days after the person is detained in the county jail. . ."  Wis. Stat. § 302.335(2)(b).  He suggests that because he was not given a revocation hearing within 50 days, his due process rights were violated.  This statute, however, is "directory, not mandatory."  *See State ex rel. Jones v. Division Adm'r, Wis. Div. of Hearings & Appeals*, 195 Wis. 2d 669, 672, 536 N.W.2d 213, 214 (1995).  In other words, as numerous Wisconsin courts have pointed out, a prisoner's right to due process is not violated each time that deadline is missed.  *See, e.g., State ex rel. McDonald v. Schwarz*, 2015 WI App 13, ¶ 14, 359 Wis. 2d 675, 859 N.W.2d 629; *Radunz v. Muhlhausen*, No. 09-CV-217-SLC, 2009 WL 1604709, at *2 (W.D. Wis. June 5, 2009), subsequently aff'd, 375 F. App'x 618 (7th Cir. 2010).  Rather, the question to be determined is whether the probationer received a hearing "within a reasonable time."  *Morrissey*, 408 U.S. at 488.

A.   2013 Revocation Proceedings.

Although it seems unlikely, the court is unable to determine from Wilke's allegations whether he has a claim for violation of his due process rights based on an unreasonable delay in scheduling his revocation hearings.  With respect to the 2013 revocation, Wilke contends that Stublaski was responsible for delaying his revocation hearing until March 2013, and further delayed his release by appealing denial of the revocation.  Wilke contends that he was held for 137 days in jail.  Based on Wilke's allegations and court records, however, it seems likely that Wilke was not held in jail for 137 days based solely on pending revocation

7

proceedings, or any action by Stublaski in particular. Rather, during the same time period, he had been arrested on new charges in Marquette County Case Nos. 12TR3161 and 13CT2. According to court records, Wilke did not pay the cash bond for Case No. 13CT2 until February 28, 2013, thus suggesting that at least until that date, Wilke would have been held in custody regardless the revocation proceedings.

When a probationer's custody stems from another charge, and not pending revocation proceedings, the resultant "loss of liberty" protected by due process is not yet triggered. *Moody v. Daggett*, 429 U.S. 78, 87 (1976) ("[T]he loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant."). Thus, if Wilke was in custody for other charges from December 2012 until February 2013, and not because of a revocation warrant, his due process rights had not even been triggered. They would not have been triggered until he paid the cash bond and the probation warrant was executed. If the court records are accurate and Wilke paid the bond on February 28, 2013, Wilke's revocation hearing was held less than a month later, and the court would likely find that Wilke's revocation hearing was not unreasonably delayed as a matter of law.

Even if the court assumes that Wilke was being held based on *both* the probation warrant and new charges, for at least part of the time he was incarcerated, this would affect substantially the analysis of any prejudice Wilke suffered as a result of a delay in proceedings. If Wilke's confinement was not solely due to the revocation hold, but also was attributable to pending charges, there would be a strong basis for concluding that Wilke suffered *no* prejudice from any delay in the revocation that occurred between December 2012 and March 2013. *See, e.g.*, *Jackson v. Div. of Hearing & Appeals*, No. 13-CV-751-JPS, 2013 WL 3716614, at *2 (E.D. Wis. July 12, 2013) ("[G]iven that Jackson's confinement is not solely due to the

revocation hold, but also is attributable to the pending possession charge, there is a good reason for the delayed revocation hearing and Jackson is not suffering prejudice from the delay.") Finally, it is unclear that Stublaski can be held personally liable for any delay in his revocation hearing, at least without an allegation that he somehow intentionally misrepresented facts to a judicial officer, or (even more a stretch) acted with deliberate indifference to Wilke's right to such a hearing.

### B. 2014 Revocation Hold.

With respect to the 2014 revocation, it is even less likely that Wilke's confinement was a result of a revocation hold, rather than new charges pending against him. Rather, Wilke's allegations suggest that, while he was in custody on new charges, Stublaski obtained a probation hold, but that the hold was later dropped *before* Wilke would have been released under the new charges. If this is an accurate statement of the facts, Wilke cannot demonstrate a violation of due process. *See* Moody, 429 U.S. at 86; *see also Doyle v. Elsea*, 658 F.2d 512, 516 (7th Cir. 1981) (rejecting a due process claim where a reasonably prompt parole revocation hearing would in no way have advanced the defendant's interest in pretrial release). Even if it is not, Wilke's pleading still faces the same hurdles identified above with respect to his 2013 revocation.

### C. Opportunity to Clarify Wilke's Claims.

Given the complicated nature of the underlying facts, however, the court will not dismiss Wilke's claim with prejudice at this time. Instead, the court will give Wilke an opportunity to file an amended complaint that more clearly explains the factual basis for his due process claims against Stublaski.

If Wilke chooses to draft a new, amended complaint, he should make efforts to include only those allegations relevant to his due process claims. Wilke should set forth his allegations in separate, numbered paragraphs using short and plain statements. He should also keep in mind the factors relevant to proving a due process claim based on delayed revocation proceedings, including: the length of the delay, the reasons for the delay, whether and when he asserted a right to a prompt hearing, whether he suffered prejudice, and Stublaski's role in the delay. Accordingly, Wilke should explain specifically: (1) when he was arrested and taken into custody and for what charges, including case numbers if he knows them; (2) whether a probation warrant was executed against him and when that occurred; (3) whether he paid a cash bond that entitled him to release in any of his pending cases; (4) whether and when he asserted a right to a prompt revocation hearing; (5) when the revocation hearing(s) occurred; (6) what prejudice he suffered as a result of any delay in the revocation proceedings; (7) why he believes he would not have suffered that same prejudice regardless of any revocation hold; and perhaps *most* importantly, (8) what action(s) or inaction(s) Stublaski undertook or failed to undertake that caused a delay in any revocation proceedings. Finally, after he finishes drafting an amended complaint, Wilke should further review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

Wilke may have until December 21, 2016, to provide an amended complaint. If the court receives an amended complaint by that date, it will screen the complaint under 28 U.S.C. § 1915A. If Wilke fails to file an amended complaint timely, the court will dismiss this case with prejudice for failure to state a claim upon which relief may be granted and Wilke will receive a "strike" for purposes of 28 U.S.C. § 1915(g). Under that statute a

prisoner with three or more "strikes" or dismissals for a filing a civil action or appeal that is frivolous, malicious, or fails to state a claim may not bring any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury.

## IV. FALSE IMPRISONMENT

Wilke included a final claim in his complaint for false imprisonment that requires brief discussion. Wilke contends that Stublaski subjected him to false imprisonment as the result of his probation revocation proceedings in 2013 and 2014. Unlike his due process claims against Stublaski, this claim is wholly without merit. Generally, a false arrest or false imprisonment occurs when a person is detained without probable cause. *See Gerstein v. Pugh*, 420 U.S. 103, 111-13 (1974). A different standard applies to persons on parole or probation; they are not entitled to the full protections of the Fourth Amendment accorded to free citizens. *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987) (noting that probationers do not enjoy "'the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special [probation] restrictions.'") (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)).

Both of the probation revocation proceedings in 2013 and 2014 at issue here were initiated after Wilke was arrested and charged with committing a new criminal offense. Wilke does not demonstrate that he was arrested without probable cause or that probation officials had no reason to believe that a probation violation occurred in either case. Accordingly, Wilke has no claim for false arrest or false imprisonment. *See, e.g., Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) ("Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false

11

imprisonment, or malicious prosecution.") (citing *Potts v. City of Lafayette*, 121 F.3d 1106, 1113 (7th Cir. 1997)).

## ORDER

IT IS ORDERED that:

1. Plaintiff Kevin L. Wilke is DENIED leave to proceed on false imprisonment claims and on any claims against defendants Matthew Stake, Brian Hayes, David Schwartz, Judge Wright, Judge Potter and Judge Dutcher. These defendants are DISMISSED.

2. Plaintiff may have until **December 21, 2016,** to file an amended complaint clearly setting forth the basis for his due process claims against defendant Adam Stublaski. If plaintiff fails to respond by that date, this case will be dismissed with prejudice and plaintiff will receive a strike under 28 U.S.C. § 1915(g).

Entered this 30th day of November, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge