IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KEVIN L. WILKE,

                  Plaintiff,                ORDER

     v.

                           14-cv-639-wmc

ADAM STUBLASKI, et al.,

                  Defendants.

This matter is before the court on remand from the Court of Appeals for the Seventh Circuit. *Wilke v. Stublaski*, No. 19-1617, dkt. #24 (7th Cir. Nov. 12, 2019). Specifically, the Seventh Circuit affirmed the court's judgment in favor of defendant Stublaski, but reversed the court's dismissal with prejudice of plaintiff's claims against Judges Wright, Potter and Dutcher, reasoning that plaintiff may be able to pursue a state law claim despite the court's conclusion that those judges were immune from suit for damages under 42 U.S.C. § 1983, these claims against the judges were improperly dismissed.

On remand, given that no federal claims remain, the court must determine whether to exercise supplemental jurisdiction over a claim under Wis. Stat. § 782.09, which provides that "any judge who refuses to grant a writ of habeas corpus, when legally applied for, is liable to the prisoner in the sum of $1,000." The general rule is that federal courts should relinquish jurisdiction over state law claims if all federal claims are resolved before trial. 28 U.S.C. § 1367(c)(3); *Burritt v. Ditlefson*, 807 F.3d 239, 252 (7th Cir. 2015). An exception to this general rule arises in circumstances in which a state law claim might be time barred. *See Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007). That exception,

however, does not apply here.

It appears the applicable statute of limitations for a claim under § 782.09 is three years. Wis. Stat. § 893.93(1m)(a) (applying a three-year limitation period for "[a]n action upon a liability created by statute when a different limitation is not prescribed by law"). Wilke alleges that the three judges denied his petitions for a writ of habeas corpus at different points in 2014 (Compl. (dkt. #1) 7), so the clock on that statute of limitations would have begun to run in 2014. However, Wilke filed this lawsuit that same year, on September 19, 2014, which would toll the running of that limitations period from that point until the "final disposition" of his claim in this court. Wis. Stat. § 893.15; *see also Artis v. District of Columbia*, 138 S. Ct. 594, 598, 199 L.E.2d 473 (2018) (bringing state law claims in federal court stops the clock on the statute of limitations for those claims). While the precise dates that his claims accrued may be unclear, it is apparent that Wilke still has the ability to pursue them in state court.[1]

Accordingly, the court declines to exercise supplemental jurisdiction over Wilke's claims under § 782.09, and dismisses them without prejudice to Wilke's ability to pursue them in state court. Obviously, if Wilke wants to pursue this claim in state court, he will want to do so ***promptly*** to avoid the applicable statute of limitation from running out.

---

[1] Even assuming a shorter statute of limitations might apply to Wilke's state law claims, given that Wilke's petitions were denied in the same year as he filed this lawsuit, it is reasonable to conclude that Wilke still has time to file his claims in state court. Should he have a legal basis to believe otherwise, he may promptly move this court for reconsideration.

ORDER

IT IS ORDERED that:

1) Plaintiff Kevin L. Wilke's claims under Wis. Stat. § 782.09 against defendants Wright, Potter and Dutcher are DISMISSED without prejudice.

2) The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 22nd day of November, 2019.

BY THE COURT:

/s/
_____
William M. Conley
District Judge